UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Mohammed S. Haider,

        Petitioner,

vs.                       REPORT AND RECOMMENDATION

Alberto R. Gonzales,
Scott Baniecke, and
Robert Feneis,

        Respondents.        Civ. No. 04-4857 (DWF/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2241, which alleges that the Petitioner is being illegally detained, by the Respondent, for reasons which are violative of his rights under the Constitution, laws, or Treaties of the United States. The Petitioner appears by Matthew M. Armbrecht and Timothy M. Maher, Esqs., and the Respondent appears by Joan D. Humes,

Assistant United States Attorney. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be denied, and the case be dismissed with prejudice.

## II. Facts and Procedural Background

The Petitioner is a native and citizen of Bangladesh, who last entered the United States on an F-1 non-immigrant student visa, on March 9, 1994. [AR. at 3].[1] The Petitioner's visa was granted in order to allow him to attend Winona State University. Id. In October of 1994, however, the Petitioner stopped attending the University, and did not apply for an extension of his stay, nor for a reinstatement of his student status. [AR. at 182.] The Petitioner does not claim United States citizenship, or lawful permanent resident status. Id. The Petitioner is currently being held at the Minnesota Correctional Facility in Rush City, Minnesota. Petition for Writ of Habeas Corpus, at ¶2, Docket No. 1.

On March 21, 2003, the Petitioner was married to Jami Peterson. [AR. at 15.] Following his wedding, the Petitioner contacted an attorney and, on April 16, 2003, he

---

[1]"AR" refers to the Administrative Record, which was submitted, as Exhibits, by the Respondent. The page number refers to the stamped number in the bottom center of the pages.

filed an application for adjustment of status (I-485), and an immigrant visa Petition (I-130). [AR. at 15, 186-89]. As a male citizen of Bangladesh, which is a predominantly Muslim country, the Petitioner was required to register with the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("ICE"). [AR. 15, ]. On April 22, 2003, the Petitioner, and his attorney, went to the ICE offices in Bloomington, Minnesota, in order to register. [AR. at 1, 16]. At the conclusion of the registration process, the Petitioner was personally served with a "Notice to Appear" ("NTA"), which charged him with failure to maintain or comply with the conditions of his non-immigrant status, under which he had been admitted to the United States. [AR. at 1-3]. The NTA was served by handing it to the Petitioner's attorney.

The NTA directed that the Petitioner was to appear at a Hearing, before an Immigration Judge, on a date and time to be set. [AR. at 1-3]. ICE filed the NTA with the Immigration Court on June 6, 2003, and, on June 9, 2003, the Immigration Court mailed a Notice of Hearing ("NOH") to the Petitioner at the address listed on the NTA, and set a Hearing date of August 1, 2003. [AR. at 4-5]. The Petitioner contends that

he did not receive the NOH due to a change of address.[2]  [AR. at 16, 51].  The Petitioner asserts that he forgot to notify the ICE, or his attorney, of the change in address.  [AR. at 51].  The Petitioner's attorney did not receive a copy of the NOH, since he did not file an appearance with the Immigration Court until March 16, 2004.  [AR. at 24-25, 39].  On August 1, 2003, an Immigration Judge found the Petitioner removable, and issued an Order of Removal in Absentia.  [AR. at 6].  A Warrant of Removal was issued on August 4, 2003.  [AR. at 73].

An interview was subsequently scheduled by the ICE, in order to assess the Petitioner's eligibility for an adjustment of his status application.  [AR. 28].  On February 23, 2004, the Petitioner, along with his wife and attorney, appeared for the interview.[3]  [AR. at 12, 38].  At the conclusion of the interview, the Petitioner was

---

[2]The Petitioner and his wife moved from the third floor of their apartment building to the first floor.  [AR. at 51].

[3]Subsequent to the interview, a notice approving the Petitioner's immigrant visa Petition was mailed to his new address.  [AR. at 32].  Shortly thereafter, another notice was issued which terminated the adjustment proceedings due to the fact that the Petitioner was in removal proceedings.  [AR. at 30].

taken into custody, pursuant to the Removal Order, and taken to the Sherburne County Jail.[4]  [AR. at 38].

An Immigration Judge, and subsequently, the Board of Immigration Appeals ("BIA"), denied the Petitioner's attempts to reopen his case, and rescind the Removal Order.  [AR. at 40, 47, 106, 111].  A Petition for Review of the BIA's denial was filed in the Court of Appeals for Eighth Circuit, on October 26, 2004. [AR. at 127].  On November 23, 2004, the Petitioner initiated this Habeas proceeding.  <u>Docket No. 1</u>.  On December 10, 2004, the Eighth Circuit Court of Appeals granted the Petitioner's request for a stay of removal.  <u>Haider v. Ashcroft</u>, Court of Appeals Docket No. 04-3583 (8th Cir., Order, filed on December 10, 2004).  On December 13, 2004, the Petitioner was released from custody.  On January 10, 2005, Petitioner filed a Motion to Vacate Orders, and Dismiss for Lack of Subject Matter Jurisdiction, before the Eighth Circuit Court of Appeals.

In his Petition for Habeas Corpus relief, the Petitioner alleges that "the process by which the Attorney General carried out proceedings against Petitioner deprived

---

[4]The Petitioner was subsequently transferred to the Minnesota Correctional Facility in Rush City.

Petitioner of legal representation in violation of due process as guaranteed by the 5th Amendment of the U.S. Constitution." Petition for Writ of Habeas Corpus, at ¶7(b). The Petitioner specifically argues that the Notice to Appear was facially deficient, in violation of Title 8 U.S.C. §1229(a)(1)(G)(I), in that it failed to provide "the time and place at which the proceedings will be held." Id., at ¶ 7(a). The Petitioner asserts that his continued detention is invalid based upon the allegedly invalid NTA. Id.

### III.  Discussion

The Respondents filed a "Notice of Applicability of the REAL ID Act," which advised us of recent Federal legislation that addresses the scope of judicial review of removal decisions. Docket No. 25. The Act was signed into law on May 11, 2005, and is entitled "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231. The provision of the law pertinent to this action is referred to as the "REAL ID Act." Id. Div. B, Title I.

Section 106(a)(5) and (c) of the REAL ID Act provides that the Courts of Appeal are the exclusive venue for review of Administrative Orders of removal, deportation, or exclusion, and that any Habeas Corpus cases, which challenge such

Orders in District Court, shall be transferred to the appropriate Court of Appeals. In the case of a Petition that contains non-removal issues, along with challenges to removal, that portion of the case which challenges the Order of Removal shall be transferred.

The Respondents contend that the Petition, at its essence, is a thinly disguised challenge to the final Order of Removal. The Petitioner, in response, argues that the Respondents misconstrue the Petition, and maintain that the Petition "plainly and simply challenges the legality of [the Petitioner's] detention and current supervision, as well as the legality of the government's conduct initiating the immigration proceeding." Docket No. 27, at p. 3.

We conclude, as did the Respondents, that the Petition is, at its core, a challenge to the final Order of Removal, and therefore, we further conclude that this matter must be transferred to the Court of Appeals for the Eighth Circuit, for any further review. Petitioner's argument is that the NTA was invalid, and therefore, the entire immigration proceeding against him, which resulted in the Order of Removal, was also invalid. We are at a loss as to how such an argument can be interpreted as anything other than an attack on the final Order of Removal. Cf., Dominguez-

Capistran v. Gonzales, 413 F.3d 808, 810 (8th Cir. 2005)(citing Title 8 U.S.C. §1229a (b)(5)(C), and noting that a Motion to Rescind an in absentia Removal Order may be granted upon a showing that the alien did not receive proper notice or that failure to appear was due to exceptional circumstances).

As the Respondents emphasize, the Petitioner's Notice of Appeal to the BIA urges that the issues raised "center on the requirements of notice and due process[,]" and his brief, before the BIA, argued that he "was not served adequate notice of his hearing in denial of his due process rights." [AR. at 80, 82-100]. We also note that, in the Petitioner's Motion to Stay before our Court of Appeals, he argued that a stay should be granted, in part, because there was a likelihood of success on the merits based upon a denial of notice to Petitioner regarding his Removal Hearing. [AR. at 163-64]. We are left with the inescapable conclusion that the Petitioner's challenge to the constitutionality of the notice provided to him, is, in effect, a challenge to the ultimate Order of Removal. As such, we recommend that this claim be transferred to the United States Court of Appeals for the Eighth Circuit, under the REAL ID Act.

With respect to Petitioner's challenge to his detention and current supervision, we note that Petitioner has been released from custody and, although he is subject to

supervised release, he presents no argument that the conditions of supervised release are violative of his Federal constitutional or statutory rights. It is apparent that his challenge to his continued supervision is predicated entirely upon his securing a rescission of the Removal Order and, as such, is merely a rearticulation of his argument that he was not given proper notice of his Hearing. As such, it also falls within the category of issues which must be transferred to the Eighth Circuit Court of Appeals under Section 106 of the REAL ID Act.

Finally, we find that the REAL ID Act's divestiture of Section 2241 Habeas Corpus jurisdiction from the District Courts does not deprive the Plaintiff of a judicial forum, since he may still obtain judicial review of the Order of Removal in the Court of Appeals. See, Lopez v. Heinauer, 332 F.3d 507, 510 (8th Cir. 2003)(finding that the District Court did not have jurisdiction over a Section 2241 Habeas Petition challenging a Removal Order, where the pertinent statute vested jurisdiction with the Court of Appeals, and the petitioner was not deprived of a judicial forum). It is plain, as evidenced by the Petitioner's ongoing case before our Court of Appeals, that he has an available judicial forum to consider the issues raised as to his Order of

Removal. Since judicial review is available, we have no authority to retain this matter. Id.

NOW, THEREFORE, It is - -

RECOMMENDED:

That this matter be transferred to the United States Court of Appeals for the Eighth Circuit.

Dated: August 9, 2005        s/Raymond L. Erickson
                             Raymond L. Erickson
                             UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 26, 2005,** a writing which specifically identifies those portions of the Report to which

objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 26, 2005,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.